Exhibit "A"

IN THE COURT OF COMMON PLEAS OF LUZERNE COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| JOHN JOSEPH ROTHENBECKER, JR. and SHEILA ROTHENBECKER, his wife,<br><br>Plaintiffs,<br><br>Vs.<br><br>3M COMPANY,<br><br>Defendant. | CIVIL DIVISION<br><br>Case No.: 2017-03157 |

## NOTICE

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claim set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICES SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED RATE OR NO FEE.

NORTH PENN LEGAL SERVICES, INC.

33 North Main Street

Suite 200

Pittston, PA 18640

(570) 299-4100

(877) 953-4250 Toll Free

(570) 824-0001 Fax

101 West Broad Street

Suite 513

Hazleton, PA 18201

(570) 455-9512

(877) 953-4250 Toll Free

(570) 455-3625 Fax

## AVISO

A USTED SE LA HA DEMANDADO EN LA CORTE.   Si usted quiere defenderse contra la demanda expuesta en las siguientes páginas, tiene que tomar acción en un plazo de veinte (20) días después que reciba esta demanda y aviso, por presentar una notificación de comparecencia escrita personalmente o por un abogado y radicar por escrito en la Corte sus defensas u objeciones a las demandas presentadas en su contra. Se le advierte que si falla en hacerlo, el caso podría ser dictado en su contra por la Corte sin previo aviso por cualquier dinero reclamado en la demanda o por cualquier otro reclamo o desagravio pedido por el/la demandante.   Puede que usted pierda dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO, DIRÍJASE O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ABAJO.   ESTA OFICINA PUEDE PROVEERLE CON INFORMACIÓN SOBRE COMO CONTRATAR UN ABOGADO.   SI NO TIENE LOS FONDOS SUFICIENTES PARA CONTRATAR UN ABOGADO, ESTA OFICINA PODRÍA PROPORCIONARLE INFORMACIÓN ACERCA DE AGENCIAS QUE PUEDAN OFRECERLES SERVICIOS LEGALES A PERSONAS QUE REÚNAN LOS REQEQUISITOS A UN HONORARIO REDUCIDO O GRATIS.

Servicios Legales de North Penn, Inc.
33 La Calle Main del Norte
Oficina 200
Pittston, PA 18640
(570) 299-4100
(877) 953-4250 Llamada gratuita
(570) 824-0001 Fax

101 la Calle Broad del Oeste

Oficina 513

Hazleton, PA 18201

(570) 455-9512

(877) 953-4250 Llamada gratuita

(570) 455-3625 Fax

IN THE COURT OF COMMON PLEAS OF LUZERNE COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| JOHN JOSEPH ROTHENBECKER, JR. and SHEILA ROTHENBECKER, his wife, <br><br> Plaintiffs, <br><br> vs. <br><br> 3M COMPANY, <br><br> Defendant. | ) CIVIL DIVISION <br> ) <br> ) Case No.: 2017-03157 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **ELECTRONICALLY FILED** |

## COMPLAINT

AND NOW come the Plaintiffs, John Rothenbecker, Jr. and Sheila Rothenbecker, his wife, by and through their attorneys, Dyller Law Firm and Theron J. Solomon, Esquire, and file the within Complaint:

1. Plaintiff John Rothenbecker, Jr. ("Plaintiff") and Sheila Rothenbecker ("Mrs. Rothenbecker") are citizens of the Commonwealth of Pennsylvania, residing at 26 Cherry Lane, Mountaintop, Pennsylvania.

2. Defendant 3M Company ("3M") is a Delaware corporation with its principal office and corporate headquarters located at 3M Center, St. Paul, MN 55144-1000. At all times relevant hereto, 3M Company regularly conducted business in Luzerne County, Pennsylvania.

## FACTS COMMON TO ALL COUNTS

3.      From 1984 to 2015, Mr. Rothenbecker was an employee/member of the Local 44 Sheet Metal Workers Union. From approximately 1984 to 1989, and on two to three occasions after that, Plaintiff worked for Power Engineering later known as Power Mechanical which is based in Wilkes-Barre, PA. From approximately 2000 to 2012, the Plaintiff worked for J&E Sheet Metal which is located in Wilkes-Barre, PA. From approximately 2013 until 2015, Plaintiff worked for H.T. Lyons, Inc. which is based out of Allentown, PA. At all other times from 1984 to 2015, Plaintiff worked contract jobs through the union. The Plaintiff has not worked since 2015 due to his lung injury which was later determined to be a result of silicosis. The majority of Plaintiff's work was performed in the Wilkes-Barre area, Scranton area, Danville area, and Pocono area. The work was performed at numerous locations throughout northeast Pennsylvania. As part of Plaintiff's job duties, he was required to drill into concrete walls, ceilings, and floors to place and secure duct work for HVAC units. The Plaintiff was also required to use a chipping gun on concrete. During Plaintiff's employment, other crafts around him would have to grind the concrete floors to prepare them for an epoxy layer to be applied. All of these jobs created dust which contained respirable silica. To protect his lungs from the dust, the Plaintiff wore 3M disposable respirators throughout his various employments.

4.      3M Company manufactured, marketed, and sold the 3M 8710 from 1972 until the mid 1990's. The 8710 was the first NIOSH approved single use filtering facepiece respirator. The 8710 was replaced by the 3M 8210 which is still sold today. 3M sold other similar disposable

filtering facepiece respirators essentially the same in design. The 8710, 8210, and other 3M filtering facepiece respirators are inferior to the products they were designed to compete against, elastomeric respirators which had been the industry standard for decades prior to 1972. 3M knew of many design defects in the 8710, 8210, and other 3M filtering facepiece respirators throughout their existence including, but not limited to: lack of exhalation and inhalation valves; lack of foam face seal; lack of adjustable straps; metal nose piece would relax after fitting; inability to perform a fit test until some after 1982; inability to perform a fit check/user seal check; inability to obtain a proper face seal; filter media was defective; failure to comply with NIOSH testing standards; and other ways to be proven through the litigation of this case. 3M made false and/or misleading statements to NIOSH regarding 3M's testing of respirators which voided 3M's NIOSH approval. The 8710 was unable to pass 3M's quality control tests and this information was never given to NIOSH which also voided the certification of the 8710. The 8710 could not meet the breathing resistance requirements of the federal regulations. 3M was aware of these defects and failed to correct the defects and/or inform users of these known defects. The defects present in the 8710 and 8210 resulted in Mr. Rothenbecker being exposed to respirable silica and was the cause of his silicosis.

5. It is well documented that exposure to silica dust can cause silicosis. Mr. Rothenbecker was exposed to respirable silica at the above described jobs. The 3M filtering facepiece respirators failed to provide adequate and sufficient protection to Mr. Rothenbecker due to the defective design of said respirators. It is also well documented that silicosis is a latent

disease that develops years after the first exposure. There is no cure for silicosis and it can be a progressive disease. Mr. Rothenbecker was not diagnosed with silicosis until November 2015.

6. Due to Mr. Rothenbecker's silicosis, his relationship with his wife has been affected. Mrs. Rothenbecker has suffered a loss of consortium.

## COUNT ONE – NEGLIGENCE
## JOHN ROTHENBECKER V. 3M

7. Plaintiffs incorporate paragraphs 1 through 6 as if fully set forth herein.

8. 3M had a duty to exercise reasonable care in the manufacturing of its respirators such that Plaintiff would not be exposed to harmful levels of respirable silica while wearing the 3M 8710, 3M 8210, and/or other 3M filtering facepiece respirators.

9. 3M failed to exercise reasonable care in the manufacturing of its respirators which resulted in harmful exposures to silica dust to Mr. Rothenbecker.

10. 3M was negligent in manufacturing its respirators, and in failing to reasonably assure that its respirators did not result in Mr. Rothenbecker being exposed to harmful levels of silica. The carelessness, recklessness and negligence of 3M consisted of, *inter alia*, the following:

   a. 3M failed to adequately warn Plaintiff of the hazards associated with the inhalation of silica and silica dust while using its products;

   b. 3M failed to properly test its products to determine adequacy and effectiveness or safety measures, if any, prior to releasing these products for consumer use;

   c. In failing to properly test its products to determine the levels of silica produced during the normal and/or intended use of the products;

   d. 3M failed to inform ultimate users, such as Plaintiff, as to the safe and proper

      methods of handling and using its products;

e.    3M failed to remove its products from the market when the Defendant knew or should have known its products were defective;

f.    3M failed failing to instruct the ultimate users, such as Plaintiff as to the methods for reducing his exposure to silica, while using the products;

g.    In failing to inform the public in general and the Plaintiff in particular of the known dangers of breathing silica, even at levels below the government regulated levels;

h.    In failing to advise users how to prevent or reduce exposure to silica;

i.    3M sold a respirator which was inferior in many design aspects to other similar respirators it sold;

j.    3M failed to follow industry standard of selling elastomeric respirators and instead sold inferior and defective single use filtering facepiece respirators;

k.    3M negligently sold a product that could not be properly fit checked by the Plaintiff;

l.    3M negligently sold a product that could not be properly fit tested by the Plaintiff and/or his employer;

m.    3M negligently designed, packaged, and sold its products knowing that they would expose Plaintiff to harm;

n.    Failing to adequately test, research and develop respirators that would adequate protect users such as Plaintiff from the toxic silica dust for which they were marketed and sold as being able to protect against; and

o.    In other ways to be proven through the litigation of this case.

11.    At all times material to the negligent and careless manufacturing of the respirators, 3M knew or should have known that Plaintiff would be exposed to excessive and harmful amounts of respirable silica.

12. At all times material hereto, 3M knew or should have known its respirators would be used for protection against silica dust, which presented a serious risk of injury to persons working in facilities such as the Plaintiff.

13. At all such times, 3M knew or should have known that its respirators would be used for protection against silica dust, which presented a serious risk of harm and injury to persons, including Plaintiff, yet negligently failed to provide workers with instructions and information for the safe use of its respirators and sufficient safeguards to prevent them from suffering from silica exposure and developing silica-related health effects including silicosis.

14. At all such times, 3M knew or should have known that its respirators would be subjected to use for protection from silica dust which presented a serious risk of harm and injury to persons, including Plaintiff, yet negligently failed to package, label and contain its respirators in a manner so as to adequately warn users of the hazards attendant to its use and the necessary safeguards to take in using them.

15. Notwithstanding its knowledge of the risks and hazards involved, entailed, inherent and/or present in its products, 3M did carelessly, recklessly and negligently cause or allow to occur the exposure to silica from the use of its respirators.

16. As the direct and proximate result of the aforesaid acts and omissions, the Plaintiff was exposed to respirable silica from the use of Defendant's defective respirators.

17. As a further result of the aforesaid acts and omissions, Plaintiff was harmed by breathing silica dust causing him to suffer from silicosis.

18. As a result of the negligence as set forth above, Plaintiff has been and in the future will be obliged to spend large sums of money for medicine and medical treatment.

19. As a result of the negligence as set forth above, Plaintiff has been and in the future will be severely limited in his daily duties and work and quality of life.

20. As a result of the negligence as set forth above, Plaintiff has suffered and will in the future suffer great pain, suffering, agony and loss of life's pleasures, all of which are to his great detriment and loss.

WHEREFORE, Plaintiffs, John Rothenbecker and Sheila Rothenbecker, his wife, demand judgment against the Defendant for damages in an amount in excess of the arbitration limit of Luzerne County plus punitive damages, interest and costs.

**JURY TRIAL DEMANDED.**

### COUNT TWO – STRICT LIABILITY
### UNDER RESTATEMENT OF TORTS (SECOND), § 402A
### JOHN ROTHENBECKER V. 3M

21. Plaintiffs incorporate paragraphs 1 through 20 as if fully set forth herein.

22. During the periods of Mr. Rothenbecker's use of 3M respirators, they were manufactured and sold in a defective condition and/or were unreasonably dangerous in its design, manufacture, warnings and marketing within the meaning of the Restatement of Torts (Second), § 402A. The aforementioned respirators were unreasonably dangerous to users of the products, specifically to Plaintiff. Defendant 3M knew that its respirators were defective as described in

Paragraphs 8, 9, and 10 of this complaint. Its respirators did not function as expected by leaking and causing Plaintiff to be unnecessarily exposed to respirable silica which is capable of causing a permanent, severe and disabling lung disease known as silicosis. Plaintiff was not aware the respirators he was using were not protecting him as he expected.

23. Defendant 3M placed its respirators on the market when it knew or should have known that these products would be used by industrial workers without knowledge of such defects, hazards, and/or unreasonably dangerous conditions, and that such industrial workers would use the respirators for protection against silica dust which is harmful and potentially deadly.

24. The danger presented by 3M's respirators was unknowable and/or undetectable to the ordinary consumer.

25. Plaintiff's use of Defendant's respirators was in a manner and for the purpose for which the respirators were intended.

26. The defective and unreasonably dangerous condition of Defendant's respirators proximately caused Plaintiff's injuries and damages.

27. At all material times, Defendant's respirators were expected to and did reach Plaintiff in a condition without substantial change from that in which the respirators were when they left the possession and control of Defendant 3M.

28. Defendant 3M knew, or in the exercise of reasonable care should have known, that persons employed in locations where silica-containing materials were being processed and silica dust was being created and otherwise handled, would use its respirators for protection from said

silica dust which poses significant health and life threatening qualities. Therefore, Defendant 3M was under a duty to warn the ultimate users, such as Plaintiff, of these health hazards; its failure to fulfill this duty caused the respirators to be defective and/or unreasonably dangerous pursuant to Restatement of Torts (Second), § 402A.

29. Defendant 3M marketed and sold its respirators for use as protection against exposure to respirable silica. Defendant 3M knew that its respirators would be used for such purpose. Defendant 3M knew that its products were defective and would not provide adequate protection against silica dust which is harmful and deadly. Notwithstanding this knowledge, 3M failed among other things to:

    a. Warn and advise Plaintiff of the hazards associated with the use of its respirators for protection from silica;

    b. Provide Plaintiff with instructions and information for the safe use of its respirators and sufficient safeguards to prevent Plaintiff from suffering from silica exposure and developing silicosis;

    c. Provide Plaintiff with knowledge concerning safe and sufficient safeguards to prevent silica exposure;

    d. Package and contain its respirators in a manner so as to adequately warn users of the hazards attendant to its use and the necessary safeguards to take in using them;

    e. Adequately test, research and develop respirators that would adequately protect the Plaintiff from exposure to silica;

    f. Failed to remove the respirators from the market when 3M knew or should have known that they were not safe for its intended use;

    g. Failed to include proper inhalation and exhalation valves which are standard features of most respirators;

    h. 3M failed to provide an adequate way to perform a fit check on the respirators;

  i.  3M initially failed to provide any method to fit test the respirators;

  j.  3M failed to use a foam face seal to provide a better face seal fit of the respirators;

  k.  3M failed to provide adjustable straps to ensure a better face seal fit of the respirator;

  l.  Defendant failed to provide efficient and adequate filtration on the respirators; and

  m.  Other methods to be proven through the litigation of this case.

  30.  Each of these failures caused Defendant's respirators to be defective and/or unreasonably dangerous to Plaintiff.

  31.  As a direct and proximate result of exposure to silica from the defective and unreasonably dangerous respirators manufactured, marketed, and sold by Defendant, as well as Defendant's failure to warn Plaintiff of the dangers of silica, Plaintiff was exposed to respirable silica.

  32.  As a further result of the aforementioned activities, Plaintiff was harmed by breathing silica dust through defective respirators causing him to develop and suffer from silicosis.

  33.  As a result of the aforementioned activities, Plaintiff has been and in the future will be obliged to spend large sums of money for medicine and medical treatment.

  34.  As a result of the aforementioned activities, Plaintiff has been and in the future will be severely limited in his daily duties and work and quality of life.

  35.  As a result of the aforementioned activities, Plaintiff has suffered and will in the future suffer great pain, suffering, agony and loss of life's pleasures, all of which are to his great detriment and loss.

WHEREFORE, Plaintiffs, John Rothenbecker and Sheila Rothenbecker, his wife, demand judgment against the Defendant for damages in an amount in excess of the arbitration limit of Luzerne County plus punitive damages, interest and costs.

**JURY TRIAL DEMANDED.**

### COUNT THREE – NEGLIGENCE AND STRICT LIABILITY
### EXEMPLARY DAMAGES
### ALL PLAINTIFFS V. 3M

36. Plaintiffs incorporate paragraphs 1 through 35 as if fully set forth herein.

37. At all times material, Defendant knew that it was selling to the public respirators which were defective and did not provide adequate protection to the users of said respirators including the Plaintiff. Despite this knowledge, the Defendant manufactured, marketed, sold, and promoted its respirators to be used in silica-containing environments similar to the one Plaintiff worked in.

38. Defendant consciously ignored the health risks aforementioned and failed to take any steps which would reasonably abate the risks to health and well-being which 3M was creating. Moreover, Defendant was recklessly indifferent by intentionally exposing Plaintiff to levels of silica which would likely result in harm that, in this case, actually occurred.

39. Defendant's acts, omissions, and activities were conducted or committed maliciously, willfully, wantonly, and/or in conscious disregard of the rights, safety, position and

welfare of plaintiffs, as well as in direct violation of applicable rules, laws, acts and requirements, any or all of which warrant the imposition of punitive or exemplary damages.

WHEREFORE, Plaintiffs, John Rothenbecker and Sheila Rothenbecker, his wife, demand judgment against the Defendant for damages in an amount in excess of the arbitration limit of Luzerne County plus punitive damages, interest and costs.

**JURY TRIAL DEMANDED.**

## COUNT FOUR – CONSORTIUM
## MRS. ROTHENBECKER V. 3M

40. Plaintiffs incorporate paragraphs 1 through 39 as if fully set forth herein.

41. At all relevant times, Mrs. Rothenbecker was a spouse/family member of Mr. Rothenbecker, who has suffered injuries and losses as a result of Defendant's conduct alleged herein.

42. For the reasons set forth herein, Mrs. Rothenbecker has paid and has become liable, and will continue to pay and to become liable, for medical aid, treatment, monitoring, medications, and other expenditures and will necessarily incur further expenses of a similar nature in the future as a proximate result of Defendant's conduct alleged herein.

43. Mrs. Rothenbecker has and will in the future be deprived of her spouse's services, companionship, and society and hereby claims loss of consortium to her great detriment and loss.

WHEREFORE, Plaintiffs, John Rothenbecker and Sheila Rothenbecker, his wife, demand judgment against the Defendant for damages in an amount in excess of the arbitration limit of Luzerne County plus punitive damages, interest and costs.

**JURY TRIAL DEMANDED.**

Respectfully Submitted,

Dyller Law Firm

_____
Theron J. Solomon, Esquire
PA Bar ID: 319810

_____
Barry H. Dyller, Esquire
PA Bar ID: 65084

88 North Franklin Street
Wilkes-Barre, PA 18701
(570) 828-4860
Attorneys for Plaintiffs

## VERIFICATION

We, John Rothenbecker and Sheila Rothenbecker, hereby certify that the facts alleged in the above Complaint are true and correct to the best of our knowledge. This statement is made subject to the penalties of 18 Pa.C.S.A. 4904, relating to unsworn falsifications to authorities.

Date: 13 March 2017        x _____
                              John Rothenbecker

Date: 13 March 2017        x _____
                              Sheila Rothenbecker